# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * *
AMARYLLIS R. MUNOZ-COLON,   *
                            *       No. 13-388V
         Petitioner,        *       Special Master Christian J. Moran
                            *
v.                          *       Filed: May 14, 2014
                            *
SECRETARY OF HEALTH         *       Stipulation; influenza ("flu")
AND HUMAN SERVICES,         *       vaccine; Guillain-Barré
                            *       Syndrome ("GBS").
         Respondent.        *
* * * * * * * * * * * * * * * * * * *
```

Pedro J. Saade-Llorens, Saade & Saade Law Firm, San Juan, PR, for Petitioner;
Gordon Shemin, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

On May 13, 2014, respondent filed a joint stipulation concerning the petition for compensation filed by Amaryllis Munoz-Colon on June 10, 2013. In her petition, Ms. Munoz-Colon alleged that the seasonal influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which she received on October 3, 2012, caused her to suffer Guillain-Barré Syndrome ("GBS"). Petitioner further alleges that she experienced the residual effects of this condition for more than six months. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

Respondent denies that the flu immunization is the cause of petitioner's alleged GBS, and/or any other injury.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the party has 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Nevertheless, the parties agree to the joint stipulation, attached hereto as "Appendix A." The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

**A lump sum of $220,000.00 in the form of a check payable to petitioner, Amaryllis R. Munoz-Colon. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 13-388V according to this decision and the attached stipulation.[2]

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6353.

**IT IS SO ORDERED.**

s/ Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| AMARYLLIS R. MUNOZ-COLON, ) | |
| ) | |
| Petitioner, ) | No. 13-388V |
| ) | Special Master Moran |
| v. ) | |
| ) | |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES ) | |
| ) | |
| Respondent. ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the seasonal influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received her flu vaccination on or about October 3, 2012.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the flu vaccine caused her to develop Guillain-Barré Syndrome ("GBS") and that she experienced the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her condition.

6. Respondent denies that the flu immunization is the cause of petitioner's alleged GBS, and/or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $220,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa- 15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on or about October 3, 2012, as alleged by petitioner in a petition for vaccine compensation filed on or about June 10, 2013, in the United States Court of Federal Claims as petition No. 13-388V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged GBS, or any other injury.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

*[signature]*
AMARYLLIS R. MUÑOZ-COLON

ATTORNEY OF RECORD FOR
PETITIONER:

*[signature]*
PEDRO J. SAADÉ LLORENS
Saadé & Saadé Law Firm
Esquire Building, Suite 402
2 Vela Street
San Juan, PR 00918
(787) 766-3063

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*[signature]* Vincent J Matanoski
by Katharine E.
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

*[signature]*
A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Acting Director, Division of Vaccine
Injury Compensation (DVIC), Acting Director
Countermeasures Injury Compensation
Program (CICP)
Healthcare Systems Bureau, U.S. Department
Of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

*[signature]*
GORDON SHEMIN
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4208

Dated: May 13, 2014

5